[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING RELIEF AND ORDER RELATED THERETO
The Court, having determined the issues of liability, defendant Vautrin Auto Services, Inc. having abandoned its interest herein, the Court having heard the parties regarding relief, and the plaintiffs having manifested their interest for specific performance, the Court finds that specific performance is appropriate in this case and issues the following order:
1. The defendant Albert R. Cuseo shall convey to the plaintiffs all of his interest in the property described in plaintiffs' trial Exhibits J and K and as described in the "Offer to Purchase" document, plaintiffs' trial Exhibit A, except as hereinafter provided. In this regard, it is noted that defendant Albert R. Cuseo holds title in his name alone to a parcel of said property which was conveyed by the Exxon Corporation (plaintiffs' Exhibit J). That parcel is hereafter referred to as the Exxon parcel. It is also noted that Albert R. Cuseo and his wife, Yvonne B. Cuseo, hold title to another parcel of this property conveyed by Richard Berkowitz, Trustee (plaintiffs' Exhibit K), hereafter referred to as the Vautrin parcel. Accordingly, defendant Albert R. Cuseo's conveyance required hereunder shall consist of all of his interest in said Exxon parcel and his one-half interest in said Vautrin parcel.
2. The conveyance shall be made on or before May 1, 1991, the closing for which shall occur at a place of plaintiffs' designation, and the adjustments for which shall be consistent with those applicable to property situated in Westport, Connecticut.
3. The purchase price shall be reduced to reflect an abatement for the one-half interest in the Vautrin property as to which defendant Albert R. Cuseo is not seized. In this regard defendant Albert R. Cuseo shall pay for an appraisal of the Vautrin parcel. A copy of the appraisal shall be provided to the plaintiffs on or before March 1, 1991. If the parties disagree with said appraisal, either party may obtain and pay for another appraisal, a copy of which shall be provided to the other party on or before April 1, 1991.
If the parties continue in disagreement as to value, either party may apply to the Court prior to May 1, 1991 for the Court to determine the value of said parcel.
4. The purchase money mortgage shall be reduced proportionate to the aforesaid reduction in the purchase price and prorated over its five year term. The quarterly CT Page 664 payments thereunder shall be adjusted to reflect said proportionate reduction.
5. Possession of the premises shall be surrendered to the plaintiffs on or before May 1, 1991.
6. The principal balance shall be due on May 1, 1996.
CLARANCE J. JONES, JUDGE.